# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-3606 PA (KSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | Gabriel Cabrera v. City of Los Angeles, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| V.R. Vallery | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is plaintiff Gabriel Cabrera's Request for Dismissal of All Federal Claims. Plaintiff has filed the request in response to the Court's May 18, 2017 minute order and the discussion that occurred during the June 5, 2017 status conference, when the Court stated that if plaintiff wished to pursue his claim in the Los Angeles Superior Court, where he filed his action and it was pending until defendants filed their Notice of Removal, plaintiff could elect to dismiss his federal claims and the Court would decline to exercise supplemental jurisdiction over his state law claims, and remand the action to Los Angeles Superior Court. The Court vacates its June 2, 2017 order dismissing plaintiff's RICO claim with prejudice.

Pursuant to plaintiff's Request for Dismissal of All Federal Claims, the Court dismisses the federal claims alleged in plaintiff's First Amended Complaint without prejudice. The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

By filing the Request for Dismissal of All Federal Claims, plaintiff has consented to the dismissal of the only claims over which the Court has original jurisdiction. Accordingly, the Court dismisses the federal claims without prejudice and declines to exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). The Court further

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3606 PA (KSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | Gabriel Cabrera v. City of Los Angeles, et al. | | |

exercises its discretion to remand the action. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining."). The Court remands this action to Los Angeles Superior Court, Case No. BC642250. The Court cautions plaintiff that if he were to attempt to reassert his federal claims in the state court proceedings, defendants may attempt to again remove the action to this Court.

    IT IS SO ORDERED.